**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LTG & ASSOCIATES, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION** |
| | § | |
| **vs.** | § | **NO.:_____** |
| | § | |
| **MONROE INDEMNITY INSURANCE** | § | |
| **COMPANY, R. TONY LAROCCA, and** | § | **JURY DEMAND** |
| **BRAD THOMPSON,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS MONROE INDEMNITY INSURANCE COMPANY'S, R. TONY
LAROCCA'S AND BRAD THOMPSON'S
<u>NOTICE OF REMOVAL</u>**

Defendants Monroe Indemnity Insurance Company ("MIIC""), R. Tony LaRocca ("LaRocca") and Brad Thompson ("Thompson"), collectively the "Defendants", file this Notice of Removal:

## I.   Factual and Procedural Background

1.    On August 31, 2017, LTG & Associates, Inc. ("Plaintiff") filed its Original Petition in Tarrant County, Texas against MIIC, LaRocca and Thompson.  The lawsuit arises out of a claim Plaintiff made for damages to its properties located at 209, 213 and 217 E. McElroy Blvd., Saginaw, Texas 76179, under a commercial property insurance policy issued by MIIC, effective January 10, 2016 through January 10, 2017.

2.    Plaintiff served MIIC and LaRocca with a copy of the Original Petition on or about September 8, 2017.

3.    Plaintiff served Thompson with a copy of the Original Petition on or about September 14, 2017.

4.      Defendants file this notice of removal within 30 days of receiving Plaintiff's initial pleading.  *See* 28 U.S.C. § 1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

5.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of state court documents. A copy of the Civil Docket Sheet is attached hereto as Exhibit "B."  A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C," and Plaintiff's Original Petition is attached hereto as Exhibit "D." A copy of the Citation issued to MIIC is attached hereto as Exhibit "E," and a copy of the Citation issued to LaRocca is attached hereto as Exhibit "F."  A copy of the Citation issued to Thompson is attached as Exhibit "G," and the executed Citation and Officer's Return for LaRocca is attached hereto as Exhibit "H."  A copy of the executed Citation and Officer's Return for MIIC is attached hereto as Exhibit "I," and a copy of the executed Citation and Officer's Return for Thompson is attached as Exhibit "J." A copy of Defendants' Original Answer is attached hereto as Exhibit "K." and a copy of this Notice is also being filed with the state court and served upon the Plaintiff.

6.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Tarrant County, Texas, the place where the removed action has been pending.

## II.      Basis for Removal

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

A.     **The Proper Parties Are Of Diverse Citizenship.**

8.     Plaintiff is, and was at the time the lawsuit was filed, a Texas resident and conducts business in Tarrant County, Texas.  *See* Exhibit C, ¶ 1.

9.     Defendant MIIC is incorporated in Indiana and its principal place of business is Florida.

10.     Defendant Thompson resides in Lumpkin County, Georgia and is a citizen of Georgia.

11.     Defendant LaRocca is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against LaRocca, it is Defendants' position that LaRocca has been fraudulently joined in this action.  Therefore, the Texas citizenship of LaRocca should be disregarded for the purposes of evaluating diversity in this matter.

12.     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.  *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

13.     Here, Plaintiff asserts generic claims against LaRocca for violations of the Texas Insurance Code.  *See* Exhibit C, ¶ 25-35.  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against LaRocca because no real facts relating to him have been set forth.  Plaintiff's claims against LaRocca consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [LaRocca] in state court." *See International Energy Ventures Management, L.L.C.*, 2016 WL 1274030, at *6-7; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Bianca Tabarestani v. United Prop. & Cas. Ins. Co., et al,* Civil Action No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against LaRocca, his presence should be disregarded in determining diversity jurisdiction.

14.    Because Plaintiff is a citizen of Texas, MIIC is a citizen of both Indiana and Florida and Thompson is a resident of Georgia, complete diversity of citizenship exists among the proper parties.

**B.    The Amount in Controversy Exceeds $75,000.00.**

15.    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs' Original Petition expressly alleges that "Plaintiff is seeking monetary relief over $1,000,000 . . . ." *See* Exhibit C, ¶ 6.

### III.    Conclusion and Prayer

16.    Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  Defendants hereby remove this case to this Court for trial and determination.

Respectfully submitted,

_/s/ J. Richard Harmon_____
J. Richard Harmon
State Bar No. 09020700
rharmon@thompsoncoe.com
R. Tate Gorman
State Bar No. 24032360
tgorman@thompsoncoe.com

Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

        This is to certify that on the 5th day of October, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Marc K. Whyte
Whyte PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas  78217
Fax:  (210) 562-2873
Email:  mwhyte@whytepllc.com
_Counsel for Plaintiffs_

/s/R. Tate Gorman_____
R. Tate Gorman