IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LTG & ASSOCIATES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00800-O |
| § | |
| MONROE INDEMNITY INSURANCE § | |
| COMPANY, et al., § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court are Plaintiff's Motion to Remand (ECF No. 6), filed November 3, 2017; and Defendants' Response (ECF No. 9), filed November 27, 2017. The motion is fully briefed and ripe for review. Having considered the motion, briefing, and applicable law, the Court finds that Plaintiff's Motion to Remand (ECF No. 6) should be and is hereby **GRANTED**.

**I.   BACKGROUND**

The Court takes the following facts primarily from Plaintiff's Original Petition. *See* Not. Removal, ECF No. 1-1. Plaintiff owns several properties in Saginaw, Texas that were covered by a commercial property insurance policy issued by Defendant Monroe Indemnity Insurance Co. ("Monroe"). *Id.* ¶ 9. On April 1, 2015 and March 23, 2016, storms hit Tarrant County, damaging the covered property in question. *Id.* ¶ 10. Plaintiff submitted claim after each storm. *Id.* Defendants R. Tony Larocca and Brad Thompson ("Larocca" and "Thompson") were assigned as the individual adjusters on the claims. *Id.* ¶ 12. Larocca is a citizen and resident of Texas, Thompson is a citizen and resident of Georgia. *Id.*

Plaintiff alleges that the adjusters conducted substandard investigations and inspections of the property and prepared a report that failed to include all the damages that were noted during the inspections and undervalued the damages. *Id.* ¶ 13–14. Larocca and Thompson's investigation led to the denial of Plaintiff's claims. *Id.* ¶ 13.

On August 31, 2017, Plaintiff filed suit against Monroe, Larocca, and Thompson in Texas state court alleging breach of contract, violations of the Texas Insurance Code, unfair settlement practices and bad faith, violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), and breach of the duty of good faith and fair dealing. *Id.* at 4–6.

On October 5, 2017, Defendants removed to federal court on the basis of diversity jurisdiction, alleging that Plaintiff improperly joined Larocca for the purpose of defeating diversity jurisdiction. Not. Removal 2–3, ECF No. 1. Plaintiff moved to remand. Pl.'s Mot. Remand, ECF No. 8. For the following reasons, the Court finds that the motion to remand should be and is hereby **GRANTED**.

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, courts must strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to

state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question and complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Here, Defendants alleged only diversity of citizenship as a basis for this Court's jurisdiction. *See* Notice Removal ¶ 8, ECF No. 1. Courts can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought.[1] *See* 28 U.S.C. § 1441(b). If a non-diverse party is present in the action, the court may lack jurisdiction based on improper joinder.

### B.     Improper Joinder

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the plaintiff improperly joined the in-state defendants. *See Smallwood v. Illinois Central Railroad*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief may be granted." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp. Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). However, "if the plaintiff has stated a claim against a non-diverse defendant on which relief *may* be granted, a federal court is without . . . *diversity* jurisdiction [ ] over that claim and, by extension, over any claims." *Id.* To establish that a plaintiff has improperly joined a non-diverse defendant to defeat diversity jurisdiction, the removing party must show "(1) actual fraud in the pleading of

---

[1] It is undisputed that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been met in this case.

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 205; *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

At issue here is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 207 (quoting *Smallwood*, 358 F.3d at 573). In doing so, a federal court must apply the federal pleading standard. *Id.* at 202 ("[T]he improper-joinder analysis in the context of removal and remand is solely about determining the federal court's jurisdiction . . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings."). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

### III.    ANALYSIS

Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. Tex. Ins. Code § 541.002(2). The Texas Supreme Court has "held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011); *Vail v. Tex. Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998)). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Texas Insurance Code, and may be liable under it. *Id.* at *4 (citing

*Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)). Likewise, "the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA." *Id.* at *4 (citing Tex. Bus. & Com. Code § 17.46(b); Tex. Ins. Code § 541.151(2)).

The instant action implicates a long line of cases in which insured plaintiffs join non-diverse insurance adjusters in a suit over underpaid insurance claims and the insurance company removes to federal court alleging improper joinder of the non-diverse adjusters. Federal district courts within Texas vary in how they handle the propriety of joining a non-diverse adjuster. Some have found that, as a matter of law, an insurance adjuster cannot be liable under the Texas Insurance Code provisions upon which plaintiffs most commonly rely. *See Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-cv-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.). Others have found that insurance adjusters can potentially be held liable under some provisions of the Texas Insurance Code, even when acting as the insurance company's agent, and conduct a 12(b)(6) analysis of those claims. *Roach*, 2016 WL 795967, at *4; *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-cv-741-M, 2013 WL 6065414 (N.D. Tex. 2013) (Lynn, J.); *Denley Grp., LLC v. Safeco Ins. Co.*, No. 3:15-cv-1183-B, 2015 WL 5836226 (N.D. Tex. 2015) (Boyle, J.).

The divergence of these opinions center around the statutory interpretation of Texas Insurance Code § 541.060(a)(2). Section 541.060(a)(2) provides that "failing to attempt in good

faith to effectuate a prompt, fair, and equitable settlement of [ ] a claim with respect to which the insurer's liability has become reasonably clear" is an "unfair or deceptive act or practice in the business of insurance." TEX. INS. CODE § 541.060(a)(2)(A). Those courts that hold that an adjuster cannot be liable under this provision read this language to mean that an adjuster can never be liable because only the insurance company has authority to settle the case, whereas the adjuster is only present to assess damages. *See Messersmith*, 10 F. Supp. 3d at 724; *Ministerio Int'l Lirios Del Valle*, 2016 WL 5791550, at *3. On the other hand, those courts that hold than an adjuster can be liable under section 541.060(a)(2) believe that reading the statute in this way "effectuate[s] a prompt . . . settlement." *Roach*, 2016 WL 795967, at *5; *Denley Grp., LLC*, 2015 WL 5836226, at *4. These courts note that the term effectuate means to bring about, such that the phrase 'effectuate a prompt settlement' "extends to all persons who play a role" in bringing about a settlement, which necessarily includes an insurance adjuster. *Denley Grp., LLC*, 2015 WL 5836226, at *4. Accordingly, these courts hold that a plaintiff is able to plead a cause of action against an adjuster.

While the Court recognizes there is a legitimate split within this circuit (and in this District) regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters, doubt as to the liability of an insurance adjuster under the Texas Insurance Code weighs in favor of remand. *Int'l Energy Ventures Mgmt., LLC*, 813 F.3d at 200; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the [Texas Insurance Code] must be resolved in favor of remand."). Therefore, for purposes of this motion, an individual adjuster may be held liable under § 541.060(a)(2), provided Plaintiff has pleaded facts sufficient to plausibly allege such a claim. *See Roach*, 2016 WL 795967, at *5 (collecting cases holding insurance adjuster may be liable under § 541.060(a)(2)).

Here, Plaintiff alleged specific facts related to Larocca that satisfy § 541.060(a)(2). Plaintiff alleges that Larocca, among other things, "misrepresented the true cost of repairing all of the damages caused by the storm, such as damages to the structure, interior architectural finishes," failed to include all of Plaintiff's storm damages noted upon inspection, conducted a substandard and incomplete inspection of the property, failed to include many of the damages noted upon inspection and underestimated and undervalued the included damages, performed an incomplete visual inspection of the property, failed to inspect all affected areas, and materially misrepresented the damage to Monroe. Orig. Pet. 7–8, ECF No. 1-1. These allegations are sufficient to state a plausible claim for relief against Larocca under § 541.060(a)(2).

Because Larocca is a Texas citizen for purposes of 28 U.S.C. § 1332—and Plaintiff has stated a claim for relief against Larocca under Texas Insurance Code § 541.060(a)(2)—complete diversity does not exist between all parties and the Court must remand this action. *Int'l Energy Ventures Mgmt., LLC*, 818 F.3d at 209 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)) ("The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

## V.   CONCLUSION

Based on the foregoing, Plaintiff's Motion to Remand (ECF No. 6) should be and is hereby **GRANTED.** This case is hereby **REMANDED** to the **17th Judicial District Court of Tarrant County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Tarrant County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED** on this **16th day** of **February, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

7